UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN RAYMOND LYONS,

        Plaintiff,

Case No. 1:08-cv-902

Hon. Robert J. Jonker

vs.

J. JAMESON, *et al.*,

        Defendants.
                               /

**REPORT AND RECOMMENDATION**

Plaintiff has filed a § 1983 civil rights action against defendants with respect to incidents that occurred while he was confined at the Ionia Maximum Correctional Facility ("ICF"). Plaintiff alleges that on October 27, 2007, five corrections officers, who were part of an emergency response team, entered his cell and assaulted him. Plaintiff alleges that this assault violated his Eighth Amendment right to be free from cruel and unusual punishment. After the alleged assault, plaintiff was transferred to the Gus Harrison Correctional Facility in Adrian, Michigan, where he resided at the time he filed the complaint. This matter is now before the court on plaintiff's ex parte motion for a temporary restraining order ("TRO"), in which plaintiff states that he fears for his life and will suffer physical abused if he is transferred back to ICF (docket no. 8).[1]

Fed. R. Civ. P. 65(b)(1) provides for the issuance of a TRO as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
>
> (A) specific facts in an affidavit or a verified complaint clearly show

---

[1] Plaintiff filed this action in the United States District Court for the Eastern District of Michigan on May 5, 2008. The action was transferred to this court on September 25, 2008.

>that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
>(B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

In reviewing requests for injunctive relief, the court considers (1) whether the movant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether the preliminary injunction will cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *See Rock & Roll Hall of Fame v. Gentile Productions*, 134 F.3d 749, 753 (6th Cir. 1998). The four factors listed above are meant to be balanced as they guide the court in exercising its discretion; they are not due rigid application and need not be assigned equal weight. *In re Eagle-Pitcher Indus., Inc.,* 963 F.2d 855, 859 (6th Cir. 1992). While a court need not consider any single factor as either indispensable or dispositive, neither is it required to conclude that all four support its decision. The court's discretion is directed at the weight to be given each factor, and the effect to be accorded their mix. Furthermore, the plaintiff bears the burden of persuading the court that the factors weigh in favor of granting a preliminary injunction. *Granny Goose Foods, Inc. v Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County,* 415 U.S. 432, 441 (1974).

Where a prison inmate seeks an order enjoining state prison officials, this court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432, 438, n. 3 (6th Cir. l984). Courts must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional

security." *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995). Correctional officials are professional experts in matters of security and discipline; as such they are better suited to make decisions about security and discipline than are the courts. *Bell v. Wolfish,* 441 U.S. 520, 547 (1979). Moreover, "the operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches of our Government, not the Judicial." *Id.* at 548. For these reasons, a plaintiff attacking administrative decisions about issues of security and discipline must meet a heavy burden.

Plaintiff is not entitled to a TRO because he has failed to present an affidavit containing "specific facts that clearly show that immediate and irreparable injury, loss, or damage will result to [him] before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). While plaintiff filed a verified complaint, the allegations set forth in that document also do not "clearly show" that he will suffer immediate and irreparable injury, loss or damage before defendants can be heard on his claims. The record reflects that plaintiff is currently incarcerated at the E.C. Brooks Correctional Facility in Muskegon Heights, Michigan. *See* docket no. 19. There is no allegation, let alone evidence, that he will be transferred to ICF. Injunctive relief "will not be granted against something merely feared as liable to occur at some indefinite time in the future." *State of Connecticut v. Commonwealth of Massachusetts*, 282 U.S. 660, 674 (1931).

Accordingly, I respectfully recommend that plaintiff's ex parte motion for a TRO (docket no. 8) be **DENIED**.


Dated:  November 24, 2008                       /s/ Hugh W. Brenneman, Jr.
                                                HUGH W. BRENNEMAN, JR.
                                                United States Magistrate Judge

3

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).